**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-2009**
_____

STARSHA SEWELL,

          Plaintiff - Appellant,

     v.

PRINCE GEORGE'S COUNTY DEPARTMENT OF SOCIAL SERVICES,

          Defendant - Appellee.

_____

**No. 12-2140**
_____

STARSHA SEWELL,

          Plaintiff - Appellant,

     v.

PRINCE GEORGE'S COUNTY DEPARTMENT OF SOCIAL SERVICES,

          Defendant - Appellee.

_____

Appeals from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Chief District Judge; Alexander Williams, Jr., District Judge. (8:12-cv-02402-DKC; 8:12-cv-02522-AW)

_____

Submitted: January 9, 2013      Decided: February 1, 2013

_____

Before MOTZ, DUNCAN, and DIAZ, Circuit Judges.

_____

No. 12-2009 dismissed; No. 12-2140 affirmed by unpublished per curiam opinion.

_____

Starsha Sewell, Appellant Pro Se. Stephanie A. Lewis, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Starsha Sewell appeals the district court's orders remanding her first action (No. 12-2009) and dismissing her second action (No. 12-2140) for lack of subject matter jurisdiction.

No. 12-2009: With respect to the district court's order remanding Sewell's first action, we grant Appellee's motion to dismiss for lack of appellate jurisdiction. A district court's remand order is generally not reviewable on appeal or otherwise. See 28 U.S.C. § 1447(d) (2006). While an exception applies for civil rights cases removed pursuant to 28 U.S.C. § 1443 (2006), the exception requires the removal petitioner to allege: (1) the denial of a right arising under federal law providing for specific civil rights stated in terms of racial equality, and (2) that she is denied or cannot enforce the specific federal rights in the state courts. Johnson v. Miss., 421 U.S. 213, 219 (1975). Because Sewell relies on 42 U.S.C. § 1983 (2006), a provision of general applicability, she cannot satisfy the first prong of Johnson.[*] See Ga. v. Rachel, 384 U.S. 780, 792 (1966). We therefore lack authority to review the district court's remand order.

_____

[*] We also lack jurisdiction to review the remand order because the plain language of § 1443 provides that removal is available only to defendants, not plaintiffs.

3

No. 12-2140: With respect to the district court's order dismissing Sewell's second action, because Sewell provides no argument in her informal brief addressing the district court's dispositive holding that it lacked subject matter jurisdiction, Sewell has forfeited appellate review of the court's dismissal order. See 4th Cir. R. 34(b). Accordingly, we affirm the district court's order. We also grant leave to proceed in forma pauperis, deny as moot Sewell's motion for relief from judgment, and deny her motion for default judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

No. 12-2009 DISMISSED;
No. 12-2140 AFFIRMED

4